UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

BORRIS NICKOLAEVICH SKUDNOV                                  PLAINTIFF

v.                                                              CIVIL ACTION NO. 1:09-CV-170-R

BRENT J. POTTER                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Boris Nickolaevich Skudnov filed this *pro se* action against Warren County District Court Judge Brent J. Potter. Plaintiff alleges that Defendant Potter presided over eviction proceedings involving Plaintiff. Specifically, he claims that Judge Potter "ignored and neglected Rules of Court and used official status of advantage . . . to discredit justice." It appears from the complaint that the actions that Plaintiff complains about transpired in 2002 and 2003. Plaintiff mentions the Americans with Disabilities Act and "federal law" as the jurisdictional basis for his complaint.[1]

Since Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon initial review of the complaint, this Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth herein, the instant action will be dismissed.

Congress enacted the Americans with Disabilities Act ("ADA") with the purpose of "provid[ing] a clear and comprehensive national mandate for the elimination of discrimination

---

[1] The Court construes Plaintiff's reference to "federal law" as attempting to state a claim under 42 U.S.C. § 1983.

against individuals with disabilities." 42 U.S.C. § 12101(b)(1). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Because the ADA does not specify its own statute of limitations period, the court must borrow one from the most analogous state cause of action. *See Runyon v. McCrary*, 427 U.S. 160, 180-182 (1976). Likewise, § 1983 does not provide a statute of limitations.

In both cases, the appropriate statute of limitations is Kentucky's statute of limitations for a personal injury action, which is one year. *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. Plaintiff should have known of his claims in 2003 at the latest. He has not presented any reason for waiting until late 2009 to file this action. Accordingly, the Court finds that Plaintiff's claims are time barred under both the ADA and 42 U.S.C. § 1983.

Furthermore, is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994). The Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983). In fact, judicial immunity applies to acts performed maliciously and corruptly as well as acts performed in bad faith or with malice. *Pierson*, 386

U.S. at 554. However, judicial immunity does not apply if the judge's activities were "non-judicial" in nature or if the judge's actions are performed without any jurisdiction to do so. *Id.*

Plaintiff's allegations relate to Defendant Potter's actions in the course of adjudicating the eviction proceeding in question. Additionally, there is no allegation that Defendant Potter acted in the absence of jurisdiction. Accordingly, the Court finds that Defendant Potter would be entitled to judicial immunity even if this action was not time barred.

For the reasons set forth above, the Court will dismiss this action by separate Order.

Date:

cc: Plaintiff, *pro se*
 Defendant
4413.008